## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCFADDEN | : |
| Plaintiff, | : |
| v. | : |
| | : CIVIL ACTION NO.: 13-4487 |
| BIOMEDICAL SYSTEMS CORPORATION | : |
| Defendant. | : |

## ORDER

**AND NOW** this _____ day of _____, 2013, upon consideration of Defendant's Motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Plaintiff's First Amended Complaint and Plaintiff's Response thereto, it is hereby Ordered that Defendant's Motion is **DENIED** in its entirety. Defendant shall file an Answer to Plaintiff's First Amended Complaint within 14 days of the entry of this Order.

BY THE COURT:

_____
The Honorable Timothy J. Savage, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MCFADDEN | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: 13-4487 |
| BIOMEDICAL SYSTEMS | : | |
| CORPORATION | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, John McFadden ("Plaintiff"), by and through his undersigned counsel, hereby responds as follows to Defendant's Motion to Dismiss.

**I.      Introduction**

During his employment (and presently), Plaintiff suffers from a serious back disability with herniated discs, which required him to request a brief (2-3 week) medical leave to undergo spinal surgery. Instead of granting this accommodation, Defendant terminated him _**within one (1) week**_. In this case, it is clear that Defendant discriminated and retaliated against Plaintiff because of his disabilities/perceived disabilities and because of the accommodations he requested in violation of the Americans with Disabilities Act, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

Plaintiff's First Amended Complaint contains an abundance of detailed factual assertions which support all of his claims. Defendant's motion is just a delay of the inevitable and is a waste of judicial and attorney resources. When Plaintiff's First Amended Complaint is examined in its totality, it becomes clear that it contains more than sufficient factual assertions which raise

a plausible inference that Defendant inflicted legally cognizable harms upon Plaintiff. As a result, Defendant's motion must be denied in its entirety.

## II.    <u>Factual Assertions</u>

This action has been initiated by Plaintiff against Defendant for violations of the ADA and the PHRA. Plaintiff asserts, *inter alia*, that he was unlawfully terminated and a direct consequence of Defendant's unlawful actions. First Amended Complaint, Exhibit "A" at ¶1. Plaintiff worked for Defendant for approximately three (3) months as a director of business development based out of his home in Doylestown, Pennsylvania. *Id.* at ¶11. During Plaintiff's employment with Defendant, Plaintiff was supervised by Judith Currier ("Currier"), Defendant's Business Development Manager for the Eastern United States. *Id.* at ¶12.

Plaintiff's disabilities consist of herniated discs in his back, which at times, causes him **pain in his back and limits his ability to <u>walk, stand and sit</u> for long periods of time**. *Id.* at ¶13 (emphasis added). Although Plaintiff suffers from these limitations at times, they are *permanent* in nature, and to date still suffers from these limitations. *Id.* at ¶14. While employed with Defendant, Plaintiff kept Currier apprised of his aforementioned health conditions and limitations. *Id.* at ¶15. Despite Plaintiff's health conditions/disabilities and limitations (as discussed *supra*), Plaintiff was able to perform his job well with Defendant; however, Plaintiff would, on occasion, need a reasonable accommodation (very infrequently). *Id.* at ¶16.

During Plaintiff's employment with Defendant, Plaintiff's aforementioned health conditions became worse, and Plaintiff began to experience more pain in his back. *Id.* at ¶17. As a result of Plaintiff's increasing back problems, Plaintiff scheduled an appointment with his physician for an evaluation and communicated with Currier that he would be taking a day off from work on or about August 9, 2012 to attend such doctor's appointment. *Id.* at ¶18.

On the morning of his aforementioned doctor's appointment, Plaintiff was invited to attend a meeting with another employee; however, Plaintiff responded he was not going to be able to attend such meeting because he had a doctor's appointment, which he could not miss, as the pain in his back (related to his disabilities) was worsening. *Id.* at ¶19. Defendant's management, including but not limited to Currier, expressed dissatisfaction with Plaintiff's election to proceed with his doctor's appointment instead of attending a business meeting (that was not known or scheduled when Plaintiff made his doctor's appointment). *Id.* at ¶20.

After attending his doctor's appointment on or about August 9, 2012 (as discussed *supra*), Plaintiff had a conversation with Defendant's management, including but not limited to Currier, wherein he requested that he be permitted to take a 2-3 week medical leave, as his doctor had informed him that he would need a spinal fusion and/or microdiscectomy surgery[1] due to his aforementioned disabilities. *Id.* at ¶21. In response to Plaintiff request for a brief medical leave and his explanation regarding the reasons why he needed to have surgery on his back, Defendant's management, including but not limited to Currier, expressed concern about the length of time Plaintiff would be out of work and became angry with Plaintiff's decision to prioritize his aforementioned health conditions. The request for a short medical leave for an accommodation was a very reasonable accommodation. *Id.* at ¶22.

Within one week after taking a day off to attend a doctor's appointment for his aforementioned disabilities and shortly after requesting a brief medical leave, Plaintiff was suddenly terminated from Defendant without any prior warning, discipline and without cause. *Id.* at ¶23. When Plaintiff inquired as to why he was being terminated, Defendant's management stated that "it was not working out." *Id.* at ¶24.

---

[1] On August 20, 2012 Plaintiff in fact underwent microdiscectomy at the Rothman Institute/Jefferson. Plaintiff's operative report is attached as Exhibit "C."

Defendant discriminated against and retaliated against Plaintiff by terminating him because of his (1) known, actual and/or perceived health problems; (2) record of health problems/impairment; and/or (3) because of his requested accommodations. *Id.* at ¶27. Additionally, Defendant failed to accommodate Plaintiff's disabilities when it refused to allow Plaintiff to take a brief medical leave for his aforementioned disabilities. *Id.* at ¶28. These actions as aforesaid constitute violations of the ADA and the PHRA. *Id.* at ¶ ¶29 and 34.

## III.   Standard of Review

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). ***To avoid dismissal, a complaint must set forth facts that raise a plausible inference that the defendant inflicted a legally cognizable harm upon the plaintiff.*** *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In considering a motion to dismiss under Rule 12(b)(6), a court is required to "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.,* 292 F.3d 361, 375 n. 7 (3d Cir. 2002)). When deciding a 12(b)(6) motion, the issue is not whether the plaintiff will prevail in the end but only whether he should be entitled to offer evidence to support the claim. *Lake v. Arnold,* 112 F.3d 682, 688 (3d Cir. 1997); *Niami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996). Thus, a complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Iqbal, supra.*

The Court must consider the Complaint in its entirety and review the allegations as a whole and in context. *Iqbal,* 129 S.Ct. at 1950. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. *Winer Family Trust v. Queen,* 503 F.3d 319, 327 (3d Cir. 2007).

Since *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the pleading standard has changed slightly. However, the Third Circuit has revisited the pleading standard since *Twombly* and has determined that "under our reading [of Twombly], the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Phillips,* 515 F.3d at 233 (internal citations omitted). Put simply, "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up as follows: stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234 (internal citations removed).

When a 12(b)(6) motion is granted, a district court should not dismiss the civil action but instead provide the claimant at least one opportunity to amend the defective complaint. However, when further amendment would be futile, an action or claim may be dismissed with prejudice and that plaintiff is barred from raising it again. *Heller v. Fulare,* 371 F.Supp.2d 743, 746 (W.D.Pa. 2005) (*citing* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004)).

IV.   **Legal Argument**

    **A. Plaintiff pleaded more than sufficient facts to support his ADA claims.**

The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

In order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must prove the following: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of the discrimination. *Gaul v. Lucent Techs.*, 134 F.3d 576, 580 (3d Cir. 1998), *citing Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996); *Shaner v. Synthes* (USA), 204 F.3d 494, 500 (3d Cir. 2000); *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir. 1998); *Deane v. Pocono Medical Ctr.*, 142 F.2d 138, 142 (3d Cir. 1998).

To be regarded as disabled under the ADA, an individual must prove either that he or she:

> (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by [the employer] as constituting such limitation;
> (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
> (3) has [no such impairment] but is treated by [the employer] as having a substantially limiting impairment.
>
> *Taylor v. Pathmark Stores, Inc.,* 177 F.3d 180, 187-88 (3d Cir.1999) (quoting 29 C.F.R. § 1630.2( *l* )).

In a "regarded as" case, the analysis "focuses not on [plaintiff] and his actual abilities, but rather on the reactions and perceptions of the persons interacting or working with him." *Kelly v. Drexel University,* 94 F.3d 102, 108-09 (3d Cir.1996).   The test, moreover, is not whether the employer harbored some unsubstantiated bias with respect to the employee's actual or perceived impairment; instead, the question is whether the employer "treated plaintiff adversely because it regarded him as having an impairment that substantially limits one or more major life activities." *Weber v. Strippit, Inc.,* 186 F.3d 907, 915 (8th Cir.1999), *cert. denied,* 528 U.S. 1078, 120 S.Ct. 794, 145 L.Ed.2d 670 (2000).

### 1. Plaintiff pleaded more than sufficient facts to raise a plausible inference that he is "disabled."

The ADA (and the PHRA)[2] prohibits certain employers from discriminating against individuals on the basis of their disabilities. 42 U.S.C. § 12112(a).   Specifically, the ADA provides that no covered employer shall discriminate against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *Id.*

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).   Thus, to be considered disabled an individual must show that he "ha[s] an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives."

---

[2] Plaintiff's ADA claims are interpreted coextensively with his PHRA claims and it is appropriate to address them collectively. *See Katekovich v. Team Rent a Car of Pittsburgh,* 2002 U.S. App. LEXIS 8853 (3d Cir. 2002).

The ADA, as amended by the ADAAA, states that major life activities include, but are not limited to: "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, ***walking, standing,*** lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(1)(A) (emphasis added). The ADAAA added "eating," "sleeping," "standing," "lifting," "bending," "reading," "concentrating," "thinking" and "communicating" to the illustrative list of major life activities previously set forth by the EEOC. *Id*; Alex B. Long, *Introducing the New and Improved Americans With Disabilities Act: Assessing the ADA Amendments Act of 2008,* 103 NW. U.L.REV. COLLOQUY 217, 222 (2008). Furthermore, 29 C.F.R. § 1630.2(i) specifically includes ***sitting*** as a "major life activity."

Third Circuit jurisprudence provides that **"[a]t the pleading stage, a plaintiff is not required "to go into particulars about the life activity affected by her alleged disability or detail the nature of her substantial limitations."** *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11, 213 (3d Cir. 2009) (emphasis added). Rather, a complaint must identify an impairment and allege that such impairment constitutes a disability under ADA. *See Id.*

"Of course, [a plaintiff] must ultimately prove that she is substantially limited in a recognized major life activity to prevail on her claim." *Id.* at 214. **Yet, even after *Twombly* and *Iqbal*, a plaintiff's allegation regarding disability is sufficient at the pleading stage.** *Id.* at 214 (citing *Equal Employment Opportunity Comm'n v. J.H. Routh Packing Co.,* 246 F.3d 850, 854 (6th Cir. 2001) ("[S]o long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading.")).

"[P]ost- Twombly, ... a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *UPMC Shadyside,* 578 F.3d at 213; *see also Slade v. Hershey Co.,* 2009 WL 4794067 (M.D.Pa. 2009).

Federal regulations further provide:

(i) ***The term "substantially limits" shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. 'Substantially limits' is not meant to be a demanding standard***.

(ii) An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. ***An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting***. Nonetheless, not every impairment will constitute a disability within the meaning of this section.

(iii) The primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether an individual's impairment substantially limits a major life activity. Accordingly, ***the threshold issue of whether an impairment 'substantially limits' a major life activity should not demand extensive analysis***.

\*\*\*

(vii) ***An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active***.

29 C.F.R. § 1630.2(j) (emphasis added).

There is also no question that Plaintiff's herniated discs can qualify as a "disability" under the ADA. "[T]he ADA protects a broad array of physical and mental impairments, including back disabilities. *Rood v. Umatilla Cnty.,* 526 F. Supp. 2d. 1164, 1175 (D. Or. 2007) (back problems such as lumbosacral sacroiliac spondylosis, herniated disc, and degenerative disc disease could qualify as disability under ADA)." *Davis v. Ma,* 848 F. Supp. 2d 1105, 1113 (C.D. Cal. 2012).

In *Cohen v. CHLN, Inc.*, 2011 U.S. Dist. LEXIS 75404 (E.D. Pa. 2011) (Buckwalter, J.), the Court noted that "[w]hether an individual is substantially limited in a major life activity is a question of fact. *Carraway v. Borough of Wilkinsburg*, No. CIV.A.9–372, 2009 WL 2981955, at *1 (W.D.Pa. Sept.11, 2009) (*citing Williams v. Philadelphia Hous. Auth. Police Dep't,* 380 F.3d 751, 763 (3d Cir. 2004))." In the instant matter, there has been no discovery and as such, Defendant's motion is clearly premature.

In any event, Plaintiff specifically asserts in his First Amended Complaint that because of his herniated discs, Plaintiff has and continues to suffer from *permanent* limitations in walking, sitting and standing. *See* Exhibit "A" at ¶¶13 and 14. Defendant's argument boils down to an objection over the use of the words "at times." *See* Defendant's Memorandum of Law (hereinafter "Def. MOL"), p. 5. Defendant is essentially arguing that Plaintiff cannot prove that he is "disabled" within the exceedingly broad protections of the ADA (as amended) because he is not *totally* limited in walking, sitting and standing *all of the time*. This is contrary to the ADA; Plaintiff's pleading burden; and the federal regulations. Although Plaintiff pleaded that his limited "at times" he also pleaded that his disability is of a *permanent* nature. These assertions raised in the First Amended Complaint satisfy the pleading requirements and give rise to a plausible inference that Plaintiff suffered from a disability. Defendant's argument regarding this aspect of Plaintiff's ADA claims should fail.

### 2. Plaintiff pleaded more than sufficient facts to raise a plausible inference that he was "regarded as" or perceived to be disabled.

Plaintiff also has adequately pled that he was "regarded as" disabled by Defendant. Under United States Supreme Court precedent, a plaintiff who claims his employer regarded him as disabled must show that the employer regarded him as having a "substantially limiting impairment," *i.e.,* an impairment that would preclude plaintiff from a broad range of jobs. *Sutton*

*v. United Airlines,* 527 U.S. 471, 482, 119 S. Ct. 2139 (1999). The Third Circuit Court of Appeals has noted that, in making this determination, "it is the employer's perception which matters, and not the employee's actual limitations...." *Vierra v. Wayne Mem. Hosp.,* 2006 U. S. App. LEXIS 3062 at * 10, n.3 (3d Cir. 2006).

In Plaintiff's First Amended Complaint, he set forth that within one week after taking a day off to attend a doctor's appointment for his aforementioned disabilities and shortly after requesting a brief medical leave, Plaintiff was suddenly terminated from Defendant without any prior discipline. *Id.* at ¶23. Furthermore, Defendant discriminated against and retaliated against Plaintiff by terminating him because of his perceived health problems. *Id.* at ¶27.

The foregoing is more than sufficient to meet Plaintiff's pleading burden and there are ample facts in the First Amended Complaint which establish that Defendant perceived Plaintiff as disabled (and terminated him as a result). Defendant raises nothing but summary judgment arguments in its motion when it is undisputed that no discovery has been conducted. Indeed, Currier has not been deposed yet (nor have emails she might have sent about Plaintiff be disclosed in this litigation). How could Plaintiff possibly know what her perceptions were until she testifies under oath as to what her perceptions were?

**3. Plaintiff pleaded more than sufficient facts to raise a plausible inference that he was subjected to discrimination based upon his "record of" a disability.**

The Third Circuit has noted, "[a] plaintiff attempting to prove the existence of a 'record' of disability still must demonstrate that the recorded impairment is a 'disability' within the meaning of the ADA." *Tice v. Ctr. Area Transp. Auth.,* 247 F.3d 506, 513 (3d Cir. 2001). 29 C.F.R. § 1630.2(k) provides in pertinent part:

(1) *In general.* An individual has a record of a disability if the individual *has a history of,* or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.

(2) *Broad construction.* Whether an individual has a record of an impairment that substantially limited a major life activity shall be construed broadly to the maximum extent permitted by the ADA and should not demand extensive analysis. ***An individual will be considered to have a record of a disability if the individual has a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population***, or was misclassified as having had such an impairment.

As demonstrated above, Plaintiff's herniated discs substantially limited his ability to walk, sit and stand. As there has been no discovery yet, Plaintiff has not had an opportunity to fully establish that he has a "record of" a disability. Attached hereto as Exhibit "B" is Plaintiff's April 19, 2011 MRI report of his lumbar spine. Plaintiff's operative report is also attached as Exhibit "C." These are just some of the medical records that Plaintiff will be producing during discovery in this case. The MRI report makes it clear that Plaintiff's L5-S1 disc suffers from "broad-based left subarticular disc protrusion narrowing the left lateral recess and contacting the traversing left S1 nerve root which is enlarged and edematous." *See* Exhibit "B." Plaintiff's operative report also makes it clear that Plaintiff's pre- and postoperative diagnoses were: "[s]evere and unrelenting left leg pain in the setting of disk herniation left sided L5-S1." *See* Exhibit "C." The operative report goes on to describe in detail the serious surgical procedure that Plaintiff underwent. *Id.*

As such, Plaintiff's medical records and his eventual deposition testimony will establish that he "has a history of…" substantially limiting impairments. *See* 29 C.F.R. § 1630.2(k). Even in the absence of these medical records, the First Amended Complaint already adequately establishes that Plaintiff clearly has a record of a disability. As such, Plaintiff can also establish that he has a "record of" a disability under the ADA.

**4. Plaintiff pleaded more than sufficient facts to raise a plausible inference that he was denied a reasonable accommodation in violation of the ADA.**

Defendant's motion is puzzling in that its proposed order and motion asserts that Plaintiff's failure to accommodate claim should be dismissed, yet Defendant failed to put forth any such argument in its Memorandum of Law. In an abundance of caution, Plaintiff will respond to Defendant's "argument" that the failure to accommodate claim should be dismissed.

Requested leaves of absence can also constitute a reasonable accommodation. *Fogleman v. Greater Hazleton Health Alliance*, 122 Fed.Appx. 581 (3d Cir. 2004). As set forth in the First Amended Complaint, Plaintiff's request for a 2-3 week medical leave for his back surgery constituted a request for a very reasonable accommodation. *Id.* at ¶¶21 and 22. *See Bernhard v. Brown & Brown of Lehigh Valley, Inc.*, 720 F.Supp.2d 694, 703 (E.D. Pa. 2010) (wherein the court explained that a period of up to 3 months off from work can constitute a reasonable accommodation), citing, *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 151 (3d Cir. 2004) ("[T]he federal courts that have permitted a leave of absence as a reasonable accommodation under the ADA have reasoned ... that applying such a reasonable accommodation at the present time would enable the employee to perform his essential job functions in the near future."); *See also Shannon v. City of Philadelphia*, No. 98-5277, 1999 WL 1065210, at *6 (E.D.Pa. 1999) ("Viewing the evidence in the light most favorable to [plaintiff], the court finds that a reasonable jury could conclude that [plaintiff's] request for an additional three months of unpaid leave for medical treatment was a reasonable accommodation."); *See also Criado v. IBM Corp.*, 145 F.3d 437, 443 (1st Cir. 1998); *Rascon v. U.S. West Communications, Inc.*, 143 F.3d 1324, 1333-34 (10th Cir. 1998); *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 878 (9th Cir. 1989), *cert. denied*, 498 U.S. 814, 111 S.Ct. 53, 112 L.Ed.2d 28 (1990); *Rodgers v. Lehman*, 869 F.2d 253, 259-60 (4th Cir. 1989).

Plaintiff is left to guess what Defendant might have argued in its Memorandum of Law in support of its argument. It is undisputed that Plaintiff was not granted the 2-3 weeks off for the surgery (which he ultimately underwent), but instead was terminated. These facts form the basis of Plaintiff's retaliation claim.

The ADA prohibits retaliation by employers against employees seeking reasonable accommodation of their disabilities. "To establish a *prima facie* case of retaliation, [a] plaintiff must show that 1) she engaged in a protected activity known to the defendant; 2) she was thereafter subjected to an adverse employment decision by the defendant; and 3) there was a causal link between the two." *Fogleman v. Mercy Hosp., Inc.,* 283 F.3d 561, 567-68 (3d Cir. 2002), *quoting Krouse v. Am. Sterilizer Co.,* 126 F.3d 494, 500 (3d Cir. 1997).

An employee's request for working conditions that accommodate a disability is a protected employee activity under the ADA. *Merit v. Southeastern Pa. Transp. Auth.,* 315 F.Supp.2d 689, 704-05 (E.D.Pa. 2004). A request for a reasonable accommodation is a protected activity under the ADA. *See Williams v. Philadelphia Hous. Auth. Police Dept.,* 380 F.3d 751, 759 n. 2 (3d Cir. 2004). Prohibited discrimination under the ADA includes retaliation against an employee for requesting an accommodation. *Sulima v. Tobyhanna Army Depot,* 602 F.3d 177 (3d Cir. 2010), *citing Shellenberger v. Summit Bancorp,* 318 F.3d 183, 191 (3d Cir.2003).

Unlike a claim for discrimination under the ADA, an ADA retaliation claim based upon an employee having requested an accommodation does not require that a plaintiff show that he or she is "disabled" within the meaning of the ADA. "The right to request an accommodation in good faith is no less a guarantee under the ADA than the right to file a complaint with the EEOC, and we have already explained that the ADA protects one who engages in the latter activity without regard to whether the complainant is 'disabled.'" *Shellenberger, supra* at 191 (3d Cir.

2003). Thus, as opposed to showing disability, a plaintiff need only show that he had a reasonable, good faith belief that he was entitled to request the reasonable accommodation he requested. *Id.*

In the instant case, Plaintiff has pleaded more than sufficient facts to demonstrate that: (1) he engaged in protected activity; (2) suffered an adverse employment action; and (3) that there is a causal link between his protected activity and his termination. The only Prong that Defendant could possibly attempt to dispute is causation. However, in the case at bar, Plaintiff can establish causation in this case through temporal proximity alone *even under a much more stringent summary judgment standard.*[3] A display of "unusually suggestive" temporal proximity between the protected activity and the adverse action can be sufficient to create causation. *Doe v. C.A.R.S. Prot. Plus, Inc.,* 527 F.3d 358, 369 (3d Cir. 2008).

In *Barnes v. Office Depot, Inc.,* 2009 U.S. Dist. LEXIS 109519, 34-35 (D.N.J. 2009), the Court explained:

> Alone, temporal proximity may not be enough to defeat summary judgment when the temporal relationship is not unusually suggestive or is too attenuated to create a genuine issue of fact. *See Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 280 (3d Cir. 2000) (citing *Krouse v. American Sterilizer Co.,* 126 F.3d 494, 503 (3d Cir.1997)). ***However, '[w]here the temporal proximity between the protected activity and the adverse action is 'unusually suggestive,' it is sufficient alone to create an inference of causality and defeat summary judgment*."** *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n,* 503 F.3d 217, 233 (3d Cir. 2007).

*Id.* (denying summary judgment as to retaliation solely on the plaintiff being terminated within a few days of engaging in protected activity).

Although the Third Circuit has not adopted a bright line rule to infer a causal link, various cases provide clear guidance as set forth in *Barnes. See e.g. Jalil v. Avdel Corp.,* 873 F.2d 701, 708 (3d Cir. 1989) (termination 2 days after protected activity so suggestive that

---

[3] Plaintiff's burden is of course much lower at the pleading stage.

summary judgment was not warranted as to retaliation claim); *Doe v. C.A.R.S. Prot. Plus*, 527 F.3d 358, 369 (3d Cir. 2008) (three-day gap from protected activity to termination so unusually suggestive of retaliation it is sufficient to avoid summary judgment); *Waters v. Genesis Health Ventures, Inc.*, 2004 U.S. Dist. LEXIS 25604 at * 17 (E.D. Pa. 2004) (Surrick, J.) (explaining that a retaliatory act only 3 days after protected activity is in and of itself sufficient to avoid summary judgment on a retaliation claim); *Moore v. County of Camden*, 2013 U.S. Dist. LEXIS 64852 (D.N.J. 2013) (finding that a demotion within a few days after protected activity established the easily made out *prima facie* case of FMLA retaliation).

In the instant matter, there was ***less than one week between protected activity and termination***. Thus, the timing in the instance case between protected conduct and the adverse action(s) is ***very*** suggestive of retaliation, such that this temporal proximity alone establishes causation (and simultaneously serves as strong evidence of pretext pursuant to *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 638-39 (3d Cir. 1993)).

Defendant's (unexplained) assertions that Plaintiff has failed to plead sufficient facts to support his failure to accommodate claim is completely and utterly rebutted by the actual language in Plaintiff's First Amended Complaint and the facts that will be established in discovery. Thus, Defendant's motion must be denied.

### 5. Plaintiff's *ad damnum* clause clearly pleads that he seeks damages which are permitted by applicable law.

Plaintiff's *ad damnum* clause seeks the recovery of punitive damages and emotional distress damages "*as permitted by applicable law.*" Plaintiff agrees that punitive damages are not recoverable under the PHRA. Plaintiff also agrees that punitive damages and emotional distress

damages are not recoverable for retaliation claims under the ADA. *Kozempel v. Grand View Hosp.,* 2011 U.S. Dist. LEXIS 34843 (E.D. Pa. 2011) (Jones, J.).[4]

Yet, Plaintiff only seeks damages that are legally permitted and in any event, the jury or the Court could obviously not award Plaintiff damages which he would not be legally permitted to recover. The reason why punitive damages were pled is because they *are* recoverable under Plaintiff's ADA discrimination claims. Moreover, uncapped emotional distress damages are recoverable under the PHRA. *See PHRC v. Zamantakis,* 478 Pa. 454, 387 A.2d 70 (1978). Rather than include multiple *ad damnum* clauses in the Complaint after each and every cause of action, Plaintiff included one *ad damnum* clause which is certainly the custom and practice. Defendant's motion was totally unnecessary in this regard.

### 6. If, for some reason, this Court determines that Plaintiff's Complaint has failed to assert sufficient facts to raise a plausible inference of legal violations, this Court should allow him to amend his Complaint.

If this Court decides that Plaintiff has not pleaded a particular claim properly, the Court should allow him to file a Second Amended Complaint to cure the deficiencies. "[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court *must* give a plaintiff the opportunity to amend her complaint." *Phillips v. County of Allegheny,* 515 F.3d 224, 228 (3d Cir. 2008) (emphasis added); *see also Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004) ("even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to

---

[4] *But see Kozempel, supra,* at *10, fn. 4:

> Like Judge Stengel, however, I too feel compelled to note my agreement with the *Sink* court's observation that "while the court can discern no logic in a rule that precludes an award of compensatory and punitive damages in an ADA retaliation case when such damages are available in Title VII retaliation cases, the court is nonetheless confined to the construction of the statute. And while the court cannot say whether Congress intended such a rule or whether the rule is simply the result of an oversight by Congress, it is an issue that Congress should address.' *Santana,* 2005 U.S. Dist. LEXIS 16677, 2005 WL 1914654, at *2 (quoting *Sink,* 147 F. Supp. 2d at 1101)).

12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile") (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)); *Bryan v. Erie County Office of Children and Youth Services*, 293 Fed. Appx. 143, 145 (3d Cir. 2008) (in civil rights litigation, district courts must *sua sponte* extend plaintiffs an opportunity to amend before dismissing a complaint, even if they had counsel and did not request it); *Young v. New Sewickley Tp.*, 160 Fed. Appx. 263 (3d Cir. 2005) ("[i]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Moreover, the district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend"); *Pitts v Hayman*, 344 Fed. Appx. 753 (3d Cir. 2009) (district court reversed where it abused its discretion and failed to permit a curative amendment before dismissing civil rights claim).

## V.   Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss in its entirety. Alternatively, Plaintiff respectfully requests that this Honorable Court permit him to file a Second Amended Complaint to cure any deficiencies.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

/s/   Adam C. Lease
Adam C. Lease, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
Tel: (215) 639-0801
Fax: (215) 639-4970

Dated: October 18, 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN MCFADDEN | : |
| Plaintiff, | : |
| v. | : |
| | : |
| BIOMEDICAL SYSTEMS | : |
| CORPORATION | : |
| | : |
| Defendant. | : |

CIVIL ACTION NO.: 13-4487

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below I served a true and correct copy of Plaintiff's Response to Defendant's Motion to Dismiss upon the following individuals *via electronic filing only*:

William H. Catto, Esq.
Litchfield Cavo, LLP
1515 Market Street, Suite 1130
Philadelphia, PA 19102

*Attorneys for Defendant*

/s/   Adam C. Lease
Adam C. Lease

Dated: October 18, 2013