IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MCFADDEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BIOMEDICAL SYSTEMS CORP. | : | NO. 13-4487 |

### MEMORANDUM OPINION

Savage, J.                                                                                                                 January 9, 2014

In this discrimination and retaliation case brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951 *et seq.*, plaintiff John McFadden sues his former employer, Biomedical Systems Corporation ("BSC") for wrongful termination. McFadden claims that BSC discriminated against him because of his disability when it refused his request for leave to have back surgery and then retaliated against him for making that request. McFadden seeks compensatory and punitive damages.

Moving to dismiss McFadden's claims of discrimination and failure to accommodate, BSC argues that McFadden has not sufficiently alleged that he is disabled within the meaning of the ADA. BSC does not seek to dismiss McFadden's retaliation claim, but does seek dismissal of the claims for punitive and compensatory damages with respect to the ADA retaliation claim and punitive damages for the PHRA claim.

We must decide whether McFadden's allegation that he is limited in his ability to walk, stand and sit for long periods of time is sufficient to state a cause of action under

the ADA, and whether he has stated a claim that he was regarded as disabled by BSC and that he had a record of disability.

Accepting, as we must, McFadden's well-pleaded facts as true and drawing all reasonable inferences from them in his favor, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009), we conclude that he has stated causes of action under the ADA for discrimination, actual and regarded as disability and failure to accommodate. He has failed to state a claim based upon a record of disability. Therefore, we shall grant in part and deny in part the defendant's motion to dismiss.

## Background

As recited in the amended complaint, McFadden suffers from herniated discs in his back, which cause him pain and limit his ability to walk, stand and sit for extended periods of time. Am. Compl. ¶ 13. While these limitations only affect McFadden periodically, they are permanent. *Id.* ¶ 14. Although McFadden's condition did not prohibit him from doing his job as a director of business development, he "very infrequently" needed "a reasonable accommodation." *Id.* ¶ 16. During his three-month tenure with BSC, he apprised his supervisor, Judith Currier, of his health condition and limitations. *Id.* ¶ 15.

While employed by BSC, McFadden's health condition deteriorated. *Id.* ¶ 17. As a result, he scheduled an appointment to see his doctor. *Id.* ¶ 18. He informed Currier that he would be taking a day off to attend a doctor's appointment. *Id.* Currier and other BSC management expressed displeasure when McFadden advised them that he could not attend a meeting with a colleague because he had to keep the doctor's appointment as he was experiencing increasing pain in his back. *Id.* ¶ 19.

After his doctor's appointment, McFadden informed Currier that his doctor recommended that he undergo a spinal fusion and/or microdiscectomy surgery to treat his back problems. *Id.* ¶ 21. He requested a two-to-three week medical leave for the surgery. *Id.* ¶ 21. Currier expressed concern about the duration of the leave. *Id.* ¶ 22. Approximately one week after attending his doctor's appointment and shortly after requesting medical leave, McFadden was terminated from BSC. *Id.* ¶ 23.

McFadden claims that BSC discriminated and retaliated against him by terminating his employment. He alleges that his termination was in violation of the ADA and PHRA because it was based on his actual health problems, his record of health problems and his request for an accommodation. *Id.* ¶ 27. McFadden also claims that BSC failed to accommodate his disability in violation of the ADA and PHRA when it did not grant him leave to undergo surgery. *Id.* ¶ 28.

## Procedural History

McFadden filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 31, 2012.[1] After receiving a right to sue letter on May 23, 2013, he timely filed a complaint on August 2, 2013. After BSC moved to dismiss the complaint, McFadden filed an amended complaint. BSC then moved to dismiss McFadden's amended complaint in part.

## Standard of Review

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231

---

[1] *See* Def.'s Partial Mot. Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) at 3 ("Def.'s Mot. Dismiss").

(3d Cir. 2008)).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alteration in original).  A "formulaic recitation of the elements of a cause of action" is not sufficient to survive a motion to dismiss.  *Twombly*, 550 U.S. at 555 (citation omitted).  The complaint must put forward "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  *Id.* at 562 (quoting *Car Carrier, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (emphasis in original); *Butler v. BTC Foods Inc.*, No. 12-492, 2012 WL 5315034, at *1 (E.D. Pa. Oct. 19, 2012).

## ADA Discrimination[2]

To state a cause of action for discrimination under the ADA, the plaintiff must allege that he (1) is "disabled" within the meaning of the ADA; (2) is otherwise qualified to perform, with or without reasonable accommodations, the essential functions of his job; and (3) has suffered an adverse employment decision as a result of the discrimination.  *Gaul v. Lucent Techs. Inc.*, 134 F.3d 576, 580 (3d Cir. 1998) (citation omitted).

BSC does not dispute that McFadden was a qualified individual or that he experienced an adverse employment decision.  It contends that McFadden has not sufficiently alleged that he has a disability within the meaning of the ADA.

---

[2] Relying on the same facts forming the basis for his ADA claims, McFadden also alleges violations of the PHRA.  The ADA and PHRA are coextensive.  Therefore, our analysis of McFadden's ADA claims applies equally to his PHRA cause of action.  *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996); *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 265 n.5 (3d Cir. 2006).

Under the ADA, a person is disabled if he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of the impairment; or, (3) is regarded as having such an impairment. *Williams*, 380 F.3d at 762 (citing 42 U.S.C. § 12102(1)).  When it passed the ADA Amendments Act of 2008 ("ADAAA"), Congress clarified that the phrase "substantially limits" is not intended "to be a demanding standard."  154 Cong. Rec. S8840-01 (2008), 2008 WL 4223414.

*Actual Disability*

McFadden avers that his herniated discs qualify as an actual disability under the ADA.  At times, his back condition causes him pain and "limit[s] his ability to walk, stand and sit for long periods of time."[3]  According to BSC, these allegations are insufficient to establish a disability because back conditions preventing people from walking, standing or sitting for long periods do not constitute a significant restriction on a major life activity.[4]

There is no dispute that walking, sitting and standing are major life activities. *See* 29 C.F.R. § 1630.2(i) (major life activities include walking, standing and sitting); *Kiniropoulos v. Northampton Cnty. Child Welfare Serv.*, 917 F. Supp. 2d 377, 385 n.12 (E.D. Pa. 2013) (same).  McFadden has sufficiently pled that he is substantially limited

---

[3] Am. Compl. ¶ 13.

[4] BSC cites a number of cases to support this proposition: *Williams v. Excel Foundry & Mach., Inc.*, 489 F.3d 309 (7th Cir. 2007); *Dupre v. Charter Behavioral Health Sys. of Lafayette Inc.*, 242 F.3d 610 (5th Cir. 2001); *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180 (3d Cir. 1999); *Colwell v. Suffolk Cnty. Police Dept.*, 158 F.3d 635 (2d Cir. 1998); *Highley v. Rick's Floor Covering, Inc.,* 400 Fed. App'x 244, 246 (9th Cir. 2010); *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502 (E.D. Pa. 2012); *McDonald v. City of New York*, 786 F. Supp. 2d 588, 608 (E.D.N.Y. 2011).  *See* Def.'s Mot. Dismiss at 4-5.  These cases either do not bind us or are inapposite.  In *Taylor v. Pathmark,* the Third Circuit held that a plaintiff who could walk and stand for fifty minutes without rest was not disabled because "his ability to walk and stand [was] not significantly less than that of the average person."  177 F.3d at 186-87.  The *Taylor* Court considered a motion for judgment as a matter of law.  Therefore, it applied a heightened standard and relied on a full factual record.  *See Fowler*, 578 F.3d at 213 (explaining that "it is axiomatic" that the standards for a motion to dismiss and for judgment as a matter of law are "vastly different").

in the major life activities of walking, sitting and standing. To what extent, if at all, McFadden's impairment substantially limits his ability to walk, stand and sit is a question of fact that is not appropriate at the motion to dismiss stage. *See Fowler*, 578 F.3d at 213 (at the motion to dismiss stage, district courts should focus on threshold inquiry of whether plaintiff has pleaded he is disabled).

The amended complaint alleges that McFadden's herniated discs limit his ability to walk, stand and sit for "long periods of time."[5] Given the ADAAA's liberalized standards, McFadden's allegation that he has an impairment that is disabling is sufficient to overcome a motion to dismiss.[6] *See Fowler*, 578 F.3d at 213 (complaint sufficient to survive a motion to dismiss where it identified impairment and alleged that it was a disability); *Fleck v. WILMAC Corp.*, No. 10-05562, 2011 WL 1899198, at *5 (E.D. Pa. May 19, 2011) (plaintiff's allegation that she could not stand for more than an hour or walk more than a half mile sufficient to withstand Rule 12(b)(6) requirements); *Lit v. Infinity Broad. Corp. of Pa.*, No. 04-3413, 2004 WL 2403007, at* 3 (E.D. Pa. Oct. 8, 2004) (plaintiff claiming that Parkinson's disease substantially limited his ability to walk and stand was disabled within meaning of ADA); *see also Patterson v. Xerox Corp.*, 901 F. Supp. 274, 278 (N.D. Ill. 1995) (complaint sufficiently alleged a disability to survive a motion to dismiss when plaintiff claimed that her impairment substantially limited her

---

[5] Am. Compl. ¶ 13.

[6] The ADAAA rejected the Supreme Court's narrow interpretation of the term "disability" as it was interpreted in *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999) and *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002). *Sutton* held that mitigating measures should be considered when determining whether an individual is substantially limited under the ADA. 527 U.S. at 483. *Toyota* held that, to be substantially limited, an individual must have an impairment that severely restricts or prevents her from engaging in activities of central import to most people's daily lives. 543 U.S. at 198.

ability to sit for extended periods of time). Therefore, McFadden has stated a claim that he is actually disabled.

### *Regarded as Disabled*

Under the ADA, a person is "regarded as" disabled if he (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by his employer as having such limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward the impairment; or (3) has no such impairment but is treated by his employer as having a substantially limiting impairment. *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 187 (3d Cir. 1999) (citing 29 C.F.R. § 1630.2); *Warshaw v. Concentra Health Servs.*, 719 F. Supp. 2d 484, 495 (E.D. Pa. 2010).

BSC claims that McFadden has merely alleged that it was aware of his impairment. It argues that knowledge alone does not demonstrate that it regarded McFadden as disabled. McFadden counters that his allegation that he was fired one week after attending a doctor's appointment to address his back condition and shortly after requesting a two-to-three week medical leave is sufficient.

An employer's cognizance of an employee's impairment alone is insufficient to show that the employer regarded the employee as disabled. *Kelly v. Drexel Univ.*, 94 F.3d 102, 109 (3d Cir. 1996). A close temporal proximity between the dates an employer learns of an employee's physical or mental impairment and the employee's termination is sufficient to raise an inference of "regarded as" disability discrimination. *See, e.g., Warshaw*, 719 F. Supp. 2d at 496; *Stewart v. Bally Total Fitness*, No. 99-3555, 2000 WL 1006936, at *5 (E.D. Pa. July 20, 2000).

McFadden not only claims that BSC was aware of his impairment, he also alleges that he was fired within less than a week of his request for medical leave. His allegations of a close temporal proximity between his request for leave and his termination support an inference that BSC regarded him as disabled once it became aware of his condition. *See Kiniropoulos*, 917 F. Supp. 2d at 387 (temporal proximity of plaintiff's disclosure of impairment and termination four months later supported an inference that plaintiff was regarded as disabled); *Stewart*, 2000 WL 1006936, at *5 (temporal proximity of employee's demotion, suspension and ultimate dismissal suggested he was regarded as disabled). Thus, McFadden has stated a claim for "regarded as" disability.

### *Record of Disability*

BSC argues that McFadden has not stated a claim of discrimination based on a record of disability because he has not alleged that BSC was presented with or relied on any physical records suggesting that he had a substantially limiting impairment. We agree. *See Butler*, 2012 WL 5315034, at *3; *Rahsman v. Dewberry-Goodkind, Inc.*, No. 05-1931, 2007 WL 188571, at *8 (M.D. Pa. Jan. 22, 2007).

A person has a record of a disability if he has a history of, or has been misclassified as having a physical or mental impairment that substantially limits a major life activity. *Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 437 (3d Cir. 2009) (citation omitted); 29 C.F.R. § 1630.2(k). A history of a disability or impairment is not enough. The employer must rely on the record of disability in taking the adverse action. *Eshelman*, 554 F.3d at 437 (citing *Colwell v. Suffolk Cnty. Police Dep't,* 158 F.3d 635, 645 (2d Cir. 1998)).

In the amended complaint, McFadden alleges he made Currier aware of his impairment, he occasionally needed a reasonable accommodation due to his health condition and he asked Currier for a medical leave to undergo surgery on his back.[7] He alleges nothing about a recorded history of his impairment.

McFadden attached two medical documents to his opposition to BSC's motion to dismiss. He contends the documents will establish that he has a record of disability. However, he does not allege that BSC had possession or knew of the records. Consequently, one cannot infer that BSC relied on them. *See Eschelman*, 554 F.3d at 437. Therefore, McFadden's claim that he had a record of disability will be dismissed.

### Failure to Accommodate

BSC seeks dismissal of McFadden's failure to accommodate claim on the ground that McFadden did not adequately allege that he is disabled. As determined earlier, McFadden has sufficiently alleged a disability within the meaning of the ADA.

The term discriminate includes a failure to make reasonable accommodations for an otherwise qualified employee's known physical limitations. *Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004); *Fleck*, 2011 WL 1899198, at *4 (citing 42 U.S.C. § 12112(b)(5)(A)). A plaintiff states a claim for discrimination based on a failure to accommodate where he alleges that an employer refused to make reasonable accommodations to his known physical or mental limitations. *Kiniropoulos*, 917 F. Supp. 2d at 387-88; *Williams*, 380 F.3d at 761. McFadden alleges that BSC did not provide him with a reasonable accommodation as required by the ADA because it

---

[7] Am. Compl. ¶¶ 15-16, 21.

did not allow him to take a medical leave to undergo surgery. Instead, BSC fired him within a week of his requesting leave.

A medical leave to undergo surgery is a reasonable accommodation. *See Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 151 (3d Cir. 2004) (explaining that federal courts have recognized leaves of absence as reasonable accommodations); *Bernhard v. Brown & Brown of Lehigh Valley, Inc.*, 720 F. Supp. 2d 694, 701 (E.D. Pa. 2010) (stating that a medical leave can be a reasonable accommodation). McFadden has alleged that he requested a reasonable accommodation and that BSC denied his request. These allegations state a claim for failure to accommodate under the ADA.

### Punitive Damages for PHRA Claims

BSC argues that McFadden's claims for punitive damages should be dismissed. Specifically, it avers that punitive damages are not available under the PHRA. McFadden concedes that punitive damages are not recoverable under the PHRA. *Gagliardo v. Connaught Lab., Inc.,* 311 F.3d 565, 570 n.3 (3d Cir. 2002) (punitive damages are not available under PHRA); *Hoy v. Angelone*, 720 A.2d 745, 751 (Pa. 1998) (same); *Weaver v. Cnty. of McKean*, No. 11-254, 2012 WL 1564661, at *6 (W.D. Pa. Apr. 9, 2012) (accepting uncontested claim that punitive damages not allowed by PHRA and dismissing such claims). Accordingly, we will dismiss his claims for punitive damages on his PHRA claims.

### Punitive Damages for ADA Failure to Accommodate and Discrimination Claims

Punitive damages are recoverable under the ADA. *See Kozempel v. Grand View Hosp.*, No. 10-6839, 2011 WL 1196851, at *2-3 (E.D. Pa. Mar. 30, 2011) (citing 42

U.S.C. § 1981a(a)(2)).  The Civil Rights Act of 1991 allows for punitive damages where an employee demonstrates that an employer has engaged in intentional discrimination "with malice or with reckless indifference to [the employee's] federally protected rights." 42 U.S.C. § 1981a(b)(1).  BSC argues that the amended complaint does not contain facts giving rise to a reasonable inference that it acted with malice or reckless indifference towards McFadden.

McFadden alleges that BSC was aware of his disability and health problems. Despite its awareness, BSC did not grant his request for leave to undergo surgery and instead fired him.  These allegations, if proven, could lead a reasonable fact-finder to conclude that BSC acted with malice or reckless indifference.

### Damages for ADA Retaliation Claim

BSC avers that McFadden is not entitled to punitive or compensatory damages on his ADA retaliation claim.  We agree.[8]  As other courts in this circuit have found, punitive and compensatory damages are not available remedies where a plaintiff lodges an ADA retaliation claim.  *See Sabbrese v. Lowe's Home Ctrs., Inc.*, 320 F. Supp. 2d 311, 331 (W.D. Pa. 2004); *Weaver*, 2012 WL 1564661, at *7; *Santana v. Lehigh Valley Hosp. and Health Network*, No. 05-01496, 2005 WL 1941654, at *2 (E.D. Pa. Aug. 11, 2005).  Therefore, McFadden's claims for punitive and compensatory damages with respect to his retaliation claim will be dismissed.

### Conclusion

For the foregoing reasons, BSC's motion to dismiss will be granted in part and denied in part.

---

[8] McFadden concedes that punitive damages are not available for ADA retaliations claims.  Pl.'s. Mem. in Opp. to Def.'s Mot. Dismiss at 17-18.  He does not address BSC's argument that compensatory damages are not available.